# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

MAURICE STOKES,                    :

    Plaintiff                  :

    v.                         : CIVIL ACTION NO. 3:14-0732

JOHN WETZEL, et al.,               :        (Judge Mannion)

    Defendants                 :

## MEMORANDUM

### Background

Maurice Stokes, an inmate presently confined in the State Correctional Institution, Huntingdon ("SCI-Huntingdon"), Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. §1983. The named Defendants are John Wetzel, Secretary of Department of Corrections and Tabb Bickell, SCI-Huntingdon Superintendent. Along with his complaint, Plaintiff submitted an application requesting leave to proceed *in forma pauperis* under 28 U.S.C. §1915. The Prison Litigation Reform Act (the "Act"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposes obligations on prisoners who file suit in federal court and wish to proceed in forma pauperis under 28 U.S.C. §1915,

e.g., the full filing fee ultimately must be paid (at least in a non-habeas suit). Also, the section requires screening complaints in prisoner actions.[1]

The complaint will now be reviewed pursuant to the screening provisions of the Act. For the reasons set forth below, the instant complaint will be dismissed as legally frivolous pursuant 28 U.S.C. §1915(e)(2)(B)(i).

When considering a complaint accompanied by a motion to proceed *in forma pauperis*, a district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[2] "The frivolousness determination is a discretionary one," and

---

1. Section 1915(e)(2) provides:
   (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

2. Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)). Clearly baseless factual contentions describe scenarios "clearly removed from reality." Id.

2

trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

On September 25, 2013, Plaintiff claims that he was seen by the Program Review Committee, where it was "decided [he] would remain in the Restricted Housing Unit because placement in general population would endanger [his] safety." (Doc. No. 3, complaint at 3).

On October 2, 2013, Plaintiff was "made to sign into an interstate corrections compact (transfer to leave the state)." Id. He claims that he "signed it believing he had not choice and [he] had been held in the RHU since." Id. Plaintiff states that his "problem is [he does] not want this transfer" and that "there are many options which are less oppressive that could give [him] some safety but they refuse to take them." Id.

On April 15, 2014, Plaintiff filed the instant action. He believes that "what they're doing is not a form of relief, it is psychological torture" and that he is "being punished, not helped", as he was "tried and convicted in Pa, they should not be allowed to force [him] to serve time somewhere else, as the physical separation from [his] family would in fact be a punishment too." Id.

For relief, Plaintiff seeks "to have the interstate corrections compact withdrawn" and "be transferred and released into general population in another facility within the state." Id.

**Discussion**

To the extent that Stokes premises his claim for relief on an entitlement to a transfer, this claim fails as a matter of law. It is well established that the United States Constitution does not confer any right upon an inmate to any particular custody or security classification. Moody v. Daggett, 429 U.S. 78, 88, (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976). Thus, inmates do not have a liberty interest in retaining or receiving any particular security or custody status "[a]s long as the [challenged] conditions or degree of confinement is within the sentence imposed ... and is not otherwise violative of the Constitution." Id. Similarly, it has long been recognized that prison transfer decisions, standing alone, do not constitute cruel and unusual punishment in violation of the Eighth Amendment to the Constitution. See, e.g., Hassain v. Johnson, 790 F.2d 1420 (9th Cir.1986); Serrano v. Torres, 764 F.2d 47 (1st Cir.1985). Thus, even inmate transfers to facilities far from their homes do not rise to the level of cruel and unusual punishment. See, e.g., Gov't of Virgin Island v. Gereau, 592 F.2d 192 (3d Cir.1979) (transfer from

4

Virgin Islands to mainland); Rodriguez–Sandoval v. United States, 409 F.2d 529 (1st Cir.1969) (transfer from Puerto Rico to Atlanta). In sum, well-settled law establishes that prisoners have no inherent constitutional right to placement in any particular prison, to any security classification, or to any particular housing assignment. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215 225 (1976); Montanye, 427 U.S. at 242; Bulger v. U.S. Bureau of Prisons, 65 F.3d 48 (5th Cir.1995); Marchesani v. McCune, 531 F.2d 459 (10th Cir.), cert. denied, 429 U.S. 846, 97 S.Ct. 127, 50 L.Ed.2d 117 (1976). Simply put, as a legal matter Stokes has no constitutional right to choose his prison.

Nor can Stokes premise this claim upon an assertion that he is entitled to leave the RHU. This assertion also misconstrues the controlling legal standards governing inmate disciplinary housing claims. Those controlling legal tenets were summarized in the following terms:

> In Sandin v. Conner, 515 U.S. 472 (1995) the Supreme Court dramatically narrowed the range of liberty interests created by law and regulation. Prior to Sandin, courts reviewed the specific language of the pertinent law or regulation to determine whether the language was unmistakably mandatory in character such that it created a liberty interest. The Supreme Court announced a new rule in Sandin for determining whether a prisoner had a protected liberty interest created under statute or regulation by shifting the focus of inquiry from the specific

5

> language of the law or regulation to whether the deprivation suffered by the prisoner imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 483 (emphasis added). [Following Sandin] [e]very court that has addressed this issue in Pennsylvania has determined that prisoners do not have a liberty interest in remaining free from confinement in the SMU or similar housing. See, e.g., Smith v. Dodrill, 2009 WL 62175 (M.D. Pa. Jan 8, 2009); Spencer v. Kelchner, 2007 WL 88084 (M.D.Pa. Jan.9, 2007); Dantzler v. Beard, 2007 WL 5018184 (W.D.Pa. Dec.6, 2007); Francis v. Dodrill, 2005 WL 2216582 (M.D.Pa. Sept.12, 2005). Cf. Johnson v. Hill, 910 F.Supp. 218, 220 (E.D.Pa.1996) (holding that, absent a state-created liberty interest that does not exist in Pennsylvania, prisoner placement is a matter of prison administration and a prisoner has no constitutional right to be placed in any particular cell or housing unit).

Brown v. Beard, No. 07–637, 2011 WL 1085890, *20 (W.D.Pa. March 21, 2011)

In sum, since Stokes manifestly does not have a constitutional right to leave the RHU, he cannot base a constitutional claim against Defendants upon their alleged failure to give him a benefit which he was not entitled to receive-a transfer to the prison of his choosing. Since Plaintiff's complaint is "based on an indisputably meritless legal theory" it will be dismissed as legally frivolous. Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). Under the circumstances, the court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that

6

§1915(d) is designed to preserve. See Roman v. Jeffes, 904 F.2d 192, 195 n. 3 (3d Cir. 1990).

      A separate Order will be issued.

      s/ *Malachy E. Mannion*
      **MALACHY E. MANNION**
      **United States District Judge**

**DATED: April 30, 2014**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0732-01.wpd